**The below described is SIGNED.**

 

**Dated: August 23, 2013**

                    **R. KIMBALL MOSIER**
                    **U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Patrick Evans, aka Pat Evans, aka Patrick L. Evans<br><br>                    Debtor. | Bankruptcy Number: 11-35963<br><br>Chapter 13<br><br>Judge R. Kimball Mosier |

**MEMORANDUM OPINION REGARDING THE MOTION OF 1932 S, LLC FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS PURSUANT TO 11 U.S.C. § 506(b)**

      The matter before the Court is the motion for allowance of attorney's fees and costs pursuant to 11 U.S.C. § 506(b)[1] filed by 1932 S, LLC. (1932)  The motion was heard on March 6, 2013. Jared L. Inouye and Dan Brough of Bennett Tueller Johnson & Deere appeared on behalf of 1932, David T. Berry and Leasa M. Tripp of Berry & Tripp P.C. appeared on behalf of Patrick Evans (Evans/Debtor), and Laura Jones appeared on behalf of Kevin Anderson, the Chapter 13 Trustee.

      This memorandum decision supplements the Court's oral ruling of April 2, 2013.  The Court has taken judicial notice of the entire docket in this case and after considering the evidence, including facts as stipulated to or admitted by the parties, or as aduced from testimony of various

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

witnesses, or as established by the introduction of exhibits, and after assessing the credibility of the witnesses, and considering the arguments of counsel, and conducting an independent review of the law, the Court makes the following findings of fact and conclusions of law. These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9014 and 7052, and incorporate by reference any oral rulings made on the record regarding this matter. Any of the findings of fact herein are also deemed, to the extent appropriate, to be conclusions of law and conclusions of law herein are similarly deemed to be findings of fact and shall be equally binding as both.

## I. JURISDICTION

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334. The motion seeks an order of this Court pursuant to § 506(b) and is a civil proceeding arising under Title 11. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K) & (O) and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408 and 1409.

## II. FINDINGS OF FACTS

Evans and 1932 entered into an agreement, the All-Inclusive Promissory Note Secured by All-Inclusive Trust Deed (Promissory Note), in January 2009. Evans failed to make all payments that were required by the Promissory Note and 1932 commenced foreclosure. On November 4, 2011, just prior to 1932's scheduled foreclosure sale, Evans filed a petition for relief under chapter 13 of the Bankruptcy Code.

The value of the real property securing the Promissory Note is not at issue because Evans and 1932 agree that 1932 is an oversecured creditor. Although Evans's chapter 13 plan is cryptic in its treatment of 1932's claim, it does not raise any novel or complex issues. Evans's plan listed an estimated prepetition arrearage of $7,126.00 owed to 1932 and provided for the prepetition arrearage to be paid through the plan.

On March 6, 2012, 1932 filed a proof of claim (Claim). The Claim asserts a secured claim in the amount of $288,062.70 and a prepetition arrearage of $25,472.74. Within a few days the Debtor filed an objection to the Claim asserting that the prepetition arrearage was only $8,824.59.

On April 4, 2012, the Court conducted a pretrial conference to address the parties' dispute over the Claim. At the pretrial conference, the parties informed the Court that there was no dispute regarding the amount or timing of the Debtor's payments to 1932. The only dispute between the parties was how the payments should be applied under the terms of the Promissory Note.

The terms of the Promissory Note are ambiguous in that the Promissory Note does not specify how payments are to be applied. Specifically, Paragraph 1.B. of the Promissory Note sets forth "Monthly installments" of interest and principal. Paragraph 1.C. provides that "in addition to the monthly installments" Evans was to pay monthly an amount equal to 1/12th of the estimated annual property taxes. 1932 was to pay property taxes out of funds deposited for property taxes and Evans was to pay any shortage. The agreement is devoid of any provision connecting these tax related payments to the "monthly installments" or giving 1932 the right to apply payments it receives to funds held for real property taxes before applying payments to interest and principal.

After reviewing the Promissory Note and the undisputed facts, the Court suggested to the parties that the arrearage amount should be less than the amount 1932 asserted and more than the

amount Evans asserted, and advised the parties to consider recalculating the prepetition arrearage. The parties took the Court's advice and reached a settlement. On August 8, 2012, the Court signed the parties' proposed order allowing 1932's prepetition secured claim in the amount of $18,641.94. The amount includes, among other things, all prepetition attorney's fees.

1932 S, LLC's Motion for Allowance of Attorney's Fees and Costs (Fee Motion), filed on January 10, 2013, seeks allowance of postpetition attorney's fees in the amount of $24,647.50 and expenses of $29.62. The Promissory Note includes a provision for recovery of costs and expenses in connection with the enforcement of rights under the Promissory Note. Specifically, paragraph 10 provides as follows:

> In the event that any payment under this Note is not made, or any obligation provided to be satisfied or performed under this Note or the All-Inclusive Trust Deed securing this Note is not satisfied or performed at the time and in the manner required, **the defaulting party shall pay any and all costs and expenses** (regardless of the particular nature thereof and whether or not incurred in connection with the exercise of the power of sale provided for in the All-Inclusive Trust Deed securing this Note) which may be **incurred** by the Maker or Holder hereof **in connection with the enforcement of any rights under this Promissory Note**, including, without limitation, court costs and reasonable attorney's fees.

(Emphasis added). The Fee Motion seeks attorney's fees and costs from November 3, 2011 through June 30, 2012. The Fee Motion does not seek attorney's fees and costs for services incurred after June 2012.

Evans objected to the Fee Motion arguing that the fees 1932 seeks were not necessary, that 1932 did not act reasonably or prudently in the enforcement of its rights under the Promissory Note, that the time expended on matters is excessive, that time entries do not adequately describe the tasks accomplished, that there are duplications of effort, and that some of the tasks billed are not tasks ordinarily performed by attorneys.

The fees sought by 1932 are set forth on Creditor's Exhibit "O", the Declaration of Jared L. Inouye in support of 1932 S, LLC's First Application For Payment of Defense Costs (Declaration). The Declaration categorizes Bennett Tueller Johnson & Deere's (BTJD) services as follows:

| TASK | TOTAL HOURS | TOTAL FEES AND COSTS |
|---|---|---|
| Section 341 Meeting | 4.5 | $968.75 |
| Automatic Stay Issues | 6.25 | $1,322.50 |
| General Case Strategy | 7.25 | $1,568.75 |
| Chapter 13 Plan Objection and Litigation | 47.75 | $9,969.62 |
| Prepetition Arrearage Accounting | 14.25 | $2,570.00 |
| Proof of Claim Issues and Litigation | 21.25 | $4,210.00 |
| Settlement Discussions | 17.25 | $4,067.50 |
| **Total Hours/Fees** | 118.5 | $24,677.12 |

Two exhibits are attached to the Declaration. Exhibit "1" categorizes BTJD's services by task and contains entries identifying the "Transaction Date", the "Timekeeper", the "Time Spent", a "Description", and a "Slip Value" indicating a dollar amount of the fee associated with the entry. Exhibit "2" consists of BTJD's monthly billing statements to 1932 for the months of November 2011 through July 2012, listing the same services as Exhibit "1" in chronological order. Many entries on Exhibits "1" and "2" fail to describe the services in sufficient detail to enable the Court to determine what was actually done. Many entries include services for several different tasks without any breakdown as to the time spent on the particular tasks – a deficiency commonly referred to as "lumping" of services. Many services appear to be duplicative, excessive, unnecessary or not customarily performed by attorneys.

### III. ANALYSIS

Pursuant to 11 U.S.C. § 506(b), a holder of an oversecured claim may also be allowed, "in addition to the prepetition amount of the claim, 'interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.'"[2] Four requirements must be met in order for a secured creditor to recover attorney's fees as part of its allowed secured claim: "(1) the claim must be an allowed secured claim; (2) the creditor holding the claim must be over-secured; (3) the entitlement to fees, costs, or charges must be provided for under the agreement or state statute under which the claim arose; and (4) the fees, costs and charges sought must be reasonable in amount."[3] Because 1932 holds an allowed secured claim that is oversecured, the Court's analysis will focus on 1932's right to recover attorney's fees under the terms of the Promissory Note and the reasonableness of the attorney's fees sought.

The allowance of fees under § 506(b) is controlled by federal law.[4] The Tenth Circuit Court of Appeals has stated that the rationale of *Johnson v. Georgia Highway Express, Inc.*,[5] "ought to apply to a determination of reasonable attorneys' fees in a bankruptcy proceeding that involves construing contracts and notes which expressly call for the award of reasonable attorneys' fees."[6]

---

[2] *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989).

[3] *In re Sun 'N Fun Waterpark LLC*, 408 B.R. 361, 366 (B.A.P. 10th Cir. 2009) (citation omitted).

[4] *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989); *In re Lederman Enters., Inc.*, 106 B.R. 674, 678–79 (Bankr. D. Colo. 1989); *Unsecured Creditors' Comm. v. Walter E. Heller & Co. Southeast, Inc. (In re K.H. Stephenson Supply Co.)*, 768 F.2d 580, 585 (4th Cir. 1985).

[5] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[6] *First Nat'l Bank of Lea County v. Niccum (In re Permian Anchor Servs., Inc.)*, 649 F.2d 763, 768 (10th Cir. 1981).

Where fees are sought pursuant to § 506(b), additional factors are considered. The fees must be for services necessary to protect the creditor's interests, must be permitted under applicable law, including the Bankruptcy Code, and must be compatible with the policy underlying the Bankruptcy Code.[7] The court should scrutinize a creditor's "'enforcement and preservation' strategy in the context of the debtor's legitimate right to take advantage of the provisions of the Bankruptcy Code."[8] In determining reasonableness and necessity, the court applies its own knowledge, experience and expertise,[9] and the fee should be adjusted to reflect the court's observation of the nature of the case and the manner of its administration.[10] Overzealousness or excessive caution should not be compensated.[11]

The foregoing factors suggest that the determination of reasonable fees under § 506(b) is a twofold process. Specifically, the bankruptcy court must determine whether the services were necessary to protect the creditor's legitimate interest and if so, whether the fees for those services were reasonable. By way of illustration, an oversecured creditor may have no legitimate basis to seek relief from the automatic stay but nevertheless pursue a motion to obtain relief from the stay. The fees incurred in pursuing the motion are not necessary to protect the creditor's legitimate

---

[7] *In re Jemps, Inc.*, 330 B.R. 258, 262 (Bankr. D. Wyo. 2005); *Chase Manhattan Bank, N.A. v. Wonder Corp. of America (In re Wonder Corp. of America)*, 82 B.R. 186, 189–90 (D. Conn. 1988).

[8] *In re Latshaw Drilling, LLC*, 481 B.R. 765, 799 (Bankr. N.D. Okla. 2012) (citation omitted).

[9] *Jemps*, 330 B.R. at 262.

[10] *Chase Manhattan Bank*, 82 B.R. at189.

[11] *Jemps*, 330 B.R. at 262; *Latshaw Drilling*, 481 B.R. at 799; *In re Reorganized Lake Diamond Assocs., LLC*, 367 B.R. 858, 867–68 (Bankr. M.D. Fla. 2007).

interest and should not be awarded. However, responding to an objection to an oversecured creditor's claim is necessary to protect the creditor's legitimate interest, but the court must still determine whether the fees incurred in responding to the objection were reasonable under the circumstances.

Unfortunately, the implementation of this twofold analysis is often complicated because of counsel's failure to maintain adequate time records. Counsel for secured creditors may, among other shortcomings, fail to keep meticulous time records, fail to clearly separate services and fail to adequately describe services. These shortcomings impact both the court's analysis of the necessity of services and the reasonableness of services.

### A.  1932 IS ONLY ENTITLED TO FEES FOR SERVICES THAT WERE NECESSARY TO PROTECT ITS LEGITIMATE INTERESTS.

There has never been any dispute that 1932 is oversecured and 1932 has not had to litigate over valuation of its collateral. Debtor has not proposed a chapter 13 plan that impermissibly modifies 1932's claim and has remained current on postpetition payments to 1932. Debtor's chapter 13 plan has always acknowledged an arrearage and proposed to pay the arrearage through the plan and, other than resolving the arrearage amount, 1932 has not had to litigate over plan treatment. Necessary attorney's fees under these circumstances should be limited to those fees required to file a proof of claim and defend the proof of claim.

In short, all 1932 reasonably needed to do in this case was ensure that the Debtor's chapter 13 plan provided for payment of the arrearage under the Promissory Note. It was not reasonably necessary for 1932 to strategize about bankruptcy in general and how to oppose the Debtor's bankruptcy by pursuing a frivolous motion to dismiss and generally objecting to Debtor's chapter

13 plan. It was also not reasonable for 1932 to expend time on a motion for relief from the automatic stay when there were no grounds for relief. Fees incurred for a motion for relief from stay that was never even filed with the Court cannot be deemed to be necessarily incurred by 1932. All fees for "Automatic Stay Issues" in the amount of $1,322.50 incurred by 1932 should be disallowed. There should also be a downward adjustment in the fees requested for "General Case Strategy" and "Chapter 13 Plan, Objection and Litigation."

### B. 1932 IS ONLY ENTITLED TO REASONABLE ATTORNEY'S FEES FOR NECESSARY SERVICES.

In *Blum* and *Delaware Valley* the Supreme Court emphasized that the "basic standard" for finding reasonable fees is the determination of reasonable hours and rates.[12] "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[13] This method of determination is generally referred to as the "lodestar" calculation.[14] The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly

---

[12] *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548 (1984); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64, 106 S.Ct. 3088, 3097–98 (1986).

[13] *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983).

[14] *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

rates."[15] To satisfy this burden "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."[16] Counsel must:

> [K]eep meticulous, contemporaneous time records to present to the court upon request. These records must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on.[17]

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[18]

It does not necessarily follow that "the amount of time actually expended is the amount of time reasonably expended."[19] Before submitting a fee application to the court, counsel "should exercise billing judgment with respect to the number of hours worked and billed. Billing judgment consists of winnowing hours actually expended down to hours reasonably expended."[20] Billing judgement is an important component in fee setting.[21] "Counsel for the prevailing party should make

---

[15] *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).

[16] *Henlsey,* 461 U.S. at 433, 103 S.Ct. at 1939; *id.* at 437, 1941 (indicating that billing records should be maintained "in a manner that will enable a reviewing court to identify distinct claims").

[17] *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078 (1987).

[18] *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.

[19] *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980).

[20] *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Henlsey*, 461 U.S. at 437, and *Case v. Unified School Dist. No. 233, Johnson County,* 157 F.3d 1243, 1250 (10th Cir. 1988)).

[21] *Ramos*, 713 F.2d at 553 (quoting *Copeland*, 641 F.2d at 891).

a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."[22]

The court must exclude from the lodestar calculation "hours that were not 'reasonably expended'"on the litigation.[23] The court should approach a reasonableness inquiry "'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'"[24] The many factors for evaluating legal representation set forth in *Johnson v. Georgia Highway Express, Inc.*[25] and elsewhere, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[26] "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee[.]"[27] Some of the relevant factors to be considered include the complexity of the case, the number of reasonable strategies pursued, the responses necessitated by the maneuvering of the other side, the potential duplication of services, and if the number of hours claimed includes hours that were unnecessary or irrelevant.[28]

---

[22] *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40.

[23] *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939 (quoting S. REP. NO. 94-1011, at 6 (1976)). *See Browder v. City of Moab*, 427 F.3d 717, 722–23 (10th Cir. 2005).

[24] *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos*, 713 F.2d at 555).

[25] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[26] *Hensley*, 461 U.S. at 434 n.9, 103 S.Ct. at 1940 n.9 *quoted in Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S.Ct. 3088, 3098 (1986).

[27] *Delaware Valley*, 478 U.S. at 566, 106 S.Ct. at 3098.

[28] *Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1250 (10th Cir. 1998) (quoting *Ramos*, 713 F.2d at 554).

A substantial portion of the fees incurred by 1932 were not reasonably expended on the enforcement of its rights under the Promissory Note. Putting this matter in perspective is important to the Court's analysis of 1932's request. Although Evans did default under the terms of the Promissory Note, there has been no significant factual dispute over the timing or the amount of the payments, and 1932 did not have to litigate any factual issues on payments. Much of the dispute arose because 1932 unilaterally, and arguably arbitrarily, applied payments to fees, taxes, and other charges when the contract did not clearly specify that 1932 was entitled to apply payments in this manner.

Applying the factors discussed above, the Court concludes the following:

**1.    1932's Prepetition Attorney's Fees Are Already Included in Prepetition Claim.** Included in the Fee Motion is $216.25 for attorney's fees incurred on November 3, 2011. Because 1932 has already been awarded prepetition attorney's fees by the Court order dated August 8, 2012, the $216.25 request for prepetition attorney's fees must be denied.

**2.    Attorney's Fees for Calculating Prepetition Arrearage Accounting Should Not be Allowed.** A portion of the fees requested by 1932 relates to calculating the prepetition arrearage in the Claim. Preparing an accounting and calculation of a claim amount is not a service customarily performed by attorneys, and fees for "Petition Arrearage Accounting" in the amount of $2,750.00 should be disallowed.

**3.    The Complexity of the Case Does Not Justify the Fees Sought.** Nothing in this case has impressed the Court as complex, and none of the legal issues in this case were either unique or novel. The principal dispute between the Debtor and 1932 involved a dispute over the accounting of payments made by the Debtor to 1932 on the 1932 Loan Agreement.

    **4.    The Number of Strategies 1932 Pursued Was Unreasonable.** Fees incurred in objecting to confirmation of the Debtor's plan that understated 1932's claim are reasonably related to enforcing its rights under the Promissory Note. Fees incurred in opposing confirmation and seeking conversion on grounds unrelated to a default under the Promissory Note, however, are not fees reasonably related to enforcing its rights under the Promissory Note. Additionally, other than the objection to the amount of its claim, 1932's objections to confirmation and its motion to convert were essentially meritless. The Debtor's original plan was confirmed after 1932 withdrew its objection to confirmation. While it is reasonable for a secured creditor to object to its treatment in a plan, time spent prosecuting questionable objections to prevent confirmation are not reasonably necessary to enforce the rights under the contract.

    **5.    There Was No Maneuvering By Evans That Necessitated The Excessive Fees Incurred.** Nothing in the record indicates that Evans's actions necessitated a response on the part of 1932 that was outside of the ordinary. While 1932's objections to its proposed treatment under the plan were reasonable, the only issue that needed to be resolved was the amount of the claim, and as previously stated, that issue was not overly complex.

    **6.    Many Services Were Duplicative.** Exhibit "O" entries evidence a degree of duplication of services between professionals who are of equal skill level, involving the same or similar tasks, which are neither novel or complex.

    **7.    Many Services Were Inadequately Described.** Numerous entries in Exhibit "O" inadequately describe the services for which fees are sought.

    **8.    Some Services Are Not Allowable As Attorney's Fees.** Exhibit "O" contains attorney time entries for tasks not customarily performed by attorneys.

9. **Counsel for 1932 Did Not Exercise Billing Judgment.** Exhibit "O" shows only one instance where billing judgment appears to have been exercised. The one instance of billing judgment can be found on an entry dated May 15, 2012, where a 2.5 hour entry was not charged.

## IV. CONCLUSION

In conclusion, this case is not a complicated chapter 13. Although 1932 may have experienced frustration with Debtor's resort to bankruptcy, very little was required to protect 1932's rights. The only dispute was the amount of 1932's claim, which was largely the result of the ambiguity in the Promissory Note and 1932's unilateral decision regarding the application of payments. 1932's claim was always fully secured, debtor was current on postpetition payments, and the plan proposed to pay the arrearage through the plan. A specific objection to the arrearage amount set forth in the plan and a resolution of the claim amount were all that was necessary to protect 1932's interest. The Court finds that all of the fees that 1932 has categorized as proof of claim issues, which total $4,210.00, and settlement discussion, which total $4,067.50, are reasonable and will be allowed. Attorney's fees for "Automatic Stay Issues" in the amount of $1,322.50, "Prepetition Arrearage Accounting" in the amount of $2,570.00, and prepetition fees in the amount of $216.25 will not be allowed. Given the lack of complexity and the inadequacies in the billing records, reasonable attorney's fees related to strategy and objection to the plan should be limited to $3,094.50. The Court will award 1932 attorney's fees under 11 U.S.C. § 506(b) in the amount of $11,372.00.

----------------------------------------End of Document------------------------------------------

\_\_\_\_\_ooo0ooo\_\_\_\_\_

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **Memorandum Opinion** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Memorandum Opinion through the CM/ECF system:

David Berry  -  slc@berrytripp.com

Kevin R. Anderson tr     kanderson@ch13kra.com , lneebling@ch13kra.com

L. Mark Ferre      mferre@mstar2.net

Jared Inouye     jinouye@btjd.com, ebower@btjd.com;docketing@btjd.com;cmontoya@btjd.com

Leasa Tripp      slc@berrytripp.com

nited States Trustee     USTPRegion19.SK.ECF@usdoj.gov